IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) CASE NO.: 1:18-cv-00429-KD-MU |
| v. | ) ) ) |
| THE CITY OF MOBILE and THE SOLID WASTE DISPOSAL AUTHORITY FOR THE CITY OF MOBILE, ALABAMA, | ) ) ) ) |
| Defendants. | ) ) ) |

**MOTION FOR PROTECTIVE ORDER**

# EXHIBIT A

{04680894.2}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WM MOBILE BAY ENVIRONMENTAL CENTER, INC.,** | ) ) ) |
| Plaintiff, | ) ) **CASE NO.: 1:18-cv-00429-KD-MU** |
| v. | ) ) ) |
| **THE CITY OF MOBILE and THE SOLID WASTE DISPOSAL AUTHORITY FOR THE CITY OF MOBILE, ALABAMA,** | ) ) ) ) |
| Defendants. | ) ) |

**PROTECTIVE ORDER**

This action is before the Court on the Plaintiff's Motion for Entry of a Protective Order (Doc. _____) to govern the handling of documents relating to transactions that are considered confidential and proprietary. Upon consideration of this matter, it is **ORDERED** that the motion is hereby **GRANTED**. It is **FURTHER ORDERED** as follows:

This Protective Order shall apply to all documents produced by the Parties pursuant to the disclosure or discovery duties created by the *Federal Rules of Civil Procedure*. The following restrictions shall be observed as to the Confidential Documents and Confidential Information produced by a Party pursuant to this ORDER:

**I.     Definitions**

    A.    Information designated as "Confidential" or "Confidential Information" or "Confidential Material" shall be considered confidential and fully protected by this ORDER. The Parties will limit any designation of documents and other tangible items as "Confidential" to those categories of documents and tangible items that are considered to be trade secrets, are proprietary in nature, or the dissemination of which could be used by competitors to undermine the Party's competitive position in the market place. The Parties acknowledge and agree

{04680894.2}

        that this Order does not confer blanket protections on all documents and tangible items, disclosures, or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, and tangible items that are entitled to "Confidential" treatment under applicable law.

    B.    "Communicate" (or variants of this verb) means to disclose, show, give, imply, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, electronic transmission, photograph, or any other duplication method.

    C.    "Copy" or "Copies" means reproductions made through any process, including but not limited to photocopying, manual recopying, microfilm, dictation, or mechanical, visual, or electronic duplication which in any way attempts to reproduce the document.

    D.    "Document" or "Documents" includes all written, recorded, or graphic material, whether produced or created by a Party or another Person and whether produced pursuant to Rule 34, pursuant to subpoena, by agreement, or otherwise, and includes both those items of a tangible nature and any computer or electronic files.

    E.    "Party" means any person or entity named in this litigation and any of their affiliated persons or entities.

    F.    "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any governmental agency.

    G.    "Producing Party" means the party who produced Confidential Documents or Confidential Information.

    H.    For purposes of this ORDER, "conclusion of this litigation" means the execution of a settlement agreement or release disposing of all claims, entry of final judgment, or the exhaustion of appeals or the expiration of time for appeals.

## II.    <u>Restrictions</u>

    1.    Confidential Documents and the Confidential Information contained therein or otherwise provided shall be used by the Parties and those Persons identified in Paragraph 2 only for the purpose of the prosecution or defense of this captioned action and shall not be Communicated in any manner to anyone other than those Persons identified in Paragraphs 2 and 4 without order of the Court after due notice to the Producing Party. Each and every

{04680894.2}

Confidential Document produced (including copies, excerpts, digests, summaries, or indices thereof) by a Party shall be clearly marked and identified with the legend:

"**CONFIDENTIAL**"

In the event any Party creates a computer database, disk, compact disk, drive, or other electronic record containing Confidential Documents or Confidential Information, the Party creating such an electronic record shall mark the case or envelope containing the material with the legend set forth above.  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

    2.    Confidential Documents and Confidential Information shall not be given, shown, made available, discussed, or otherwise Communicated in any way except to a "Covered Person," defined as follows:

        a.    the Court or Courts in which this litigation is being pursued;

        b.    a Party or a Person, who shall not be an officer, director, shareholder, or employee of any competitor of Plaintiff, who is participating in the management of this litigation and the preparation of this case for trial;

        c.    the attorneys of record for the Parties and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation; and

        d.    independent consultants or experts, who shall not be an officer, director, shareholder, or employee of any competitor of Plaintiff, retained by a Party or an attorney of record to assist in the preparation of this litigation.

    3.    No Confidential Documents or Confidential Information shall be transmitted by email to a Covered Person unless the e-mail communication contains a specific alert that the information contained therein is confidential and proprietary and meant to be viewed only by the named recipient of the e-mail.

4. Deposition testimony relating to or discussing a Party's Confidential Documents or Confidential Information shall be protected under this ORDER, and the portion of the transcript of such testimony shall be marked with the "Confidential" legend set forth in Paragraph 1. The designated portions of the transcripts of such deposition testimony shall be treated the same under this ORDER as other documents marked "Confidential." The court reporter and videographer, if any, for any such deposition shall be provided a copy of this ORDER by the Party who seeks to invoke this ORDER, shall acknowledge this ORDER on the record and shall not disclose to anyone, other than those specified in Paragraph 2, any confidential deposition testimony or exhibit in this case. The Producing Party will designate which portions of the deposition are to be considered Confidential. Any videotapes of depositions containing Confidential Documents or Confidential Information shall be clearly marked on the outside of the tape cartridge with the "Confidential" legend set forth in Paragraph 1.

5. Confidential Documents and Confidential Information shall not be given, shown, made available, discussed or otherwise Communicated to anyone other than the attorneys of record for a Party without first informing them of the contents of this ORDER. In the case of Persons specified in subparagraph 2(d) above, counsel shall obtain from such Person a signed acknowledgement, in the form attached hereto as EXHIBIT 1, that the Person:

    a. is familiar with the terms of this ORDER and agrees to comply with and be bound by them, and

    b. submits to the jurisdiction of this Court for the purposes of enforcement of this ORDER.

    c.

6. Any Party to this litigation may challenge a "Confidential" designation by filing a motion under seal within 30 days of the receipt of the Confidential Document or Confidential

{04680894.2}

Information, to be heard in camera. Pending a ruling of the Court, the challenged Document or Information shall continue to be treated as Confidential under this ORDER.

7. All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize, or otherwise disclose Confidential Documents or Confidential Information shall be filed under seal and such documents shall not be publicly available, except by further order of this Court.

8. At the trial of this cause, the confidentiality of Confidential Documents and Confidential Information shall be protected to the maximum extent possible.

9. If any Party or Person that has obtained Confidential Documents or Confidential Information under the terms of this ORDER receives a subpoena or other legal process commanding the production of any such Confidential Documents or Confidential Information ("the subpoena"), such Party or Person shall promptly notify their counsel, who shall contact counsel of record for the Party or Person that designated the Documents or Information as Confidential of the service of the subpoena.  The Party or Person receiving the subpoena shall not produce any Confidential Document or Confidential Information in response to the subpoena without either the prior written consent of the Producing Party, or an order of a court of competent jurisdiction.  However, the Producing Party in such case shall have the burden of seeking a court order relieving the subpoenaed Party or Person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Person or Party shall be relieved of its obligations under this paragraph.

10. The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that

{04680894.2}

would otherwise attach to the document or information produced or to other documents or information, as long as the Producing Party or Person, promptly after discovery of the inadvertent production, notifies the other Party or Parties of the claim of privilege or other protection or immunity.  Upon such notice, the other Party or Parties shall promptly destroy all copies of the documents or information referred to and notify the Producing Party or Person that it has done so.  Such destruction and notice shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to protections or immunity.

11. Within forty-five (45) days of receipt of notice of the conclusion of this litigation, each Covered Person under subparagraphs 2(b) and 2(d) of this Order shall return to counsel who disclosed Confidential Documents or Confidential Information to them all of the Confidential Documents and all documentary materials reflecting Confidential Information which are in his/her possession, custody or control.

12. Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, every counsel who has received the Confidential Documents or Confidential Information of another Party shall:

  a. return the original and all copies of the Confidential Documents provided by the Producing Party which are in the possession, custody or control of such counsel; and

  b. either deliver to counsel for the Producing Party all documentary materials reflecting information contained in or derived from Confidential Documents provided by the Producing Party which are in the possession, custody or control of such counsel; OR

  c. destroy such documentary materials referenced above in subparagraph b, and notify counsel for the Producing Party in writing that such action has been taken; and

  d. inform counsel for the Producing Party in writing of the identity of any Confidential Documents or Information contained in or derived from such documents, known to such counsel, which have not been returned and/or

> destroyed in the manner required by this Order, and the identity of any Person who has failed to return each such Confidential Document and/or item of Confidential Information.

Any counsel who made disclosures pursuant to subparagraph 2(d) above and obtained signed acknowledgements pursuant to subparagraph 5 above shall retain the original acknowledgements for a period of no less than three (3) years and, if opposing counsel in good faith notifies the disclosing counsel of a suspected violation of this Protective Order, shall provide the original acknowledgements to opposing counsel within ten (10) days of such request.

13. Nothing in this ORDER shall limit or otherwise affect:

   a. the rights of any Party to object to any production or use at trial of Confidential Documents or Confidential Information; or

   b. the rights of any Party to seek a more restrictive treatment of highly confidential information.

14. At the conclusion of this litigation, the Court shall, within the limits of law, retain jurisdiction in the case for enforcement of this ORDER. At the conclusion of this litigation, counsel for a Producing Party shall not be entitled to inspect and copy those documents previously filed under seal with the Court pursuant to this ORDER unless the Court determines the Producing Party has shown "Good Cause" to inspect and copy said materials. At least ten (10) days prior to any hearing on the issue of whether a Producing Party has shown "Good Cause," the Producing Party shall notify in writing the counsel of record of the Producing Party's attempt to establish "Good Cause" with the Court so as to permit the Producing Party to inspect and copy those materials previously filed under seal with the Court.

15. Inadvertent failure to designate documents or testimony as "Confidential" at the time of disclosure shall not operate to waive a Party's right to later designate such material or information as "Confidential," but no Party shall be held in breach of this Order if, in the interim, such material or information has been disclosed to any person(s) not authorized to

{04680894.2}

receive Confidential materials and information under this Order, or has been used in a manner inconsistent with this Order. After such a belated designation has been made, however, the relevant materials or testimony shall be treated as Confidential in accordance with this Order.

**DONE** and **ORDERED** this _____ day of _____, 2019.

_____
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WM MOBILE BAY ENVIRONMENTAL CENTER, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) **CASE NO.: 1:18-cv-00429-KD-MU** |
| v. | ) ) ) |
| **THE CITY OF MOBILE and THE SOLID WASTE DISPOSAL AUTHORITY FOR THE CITY OF MOBILE, ALABAMA,** | ) ) ) ) |
| **Defendants.** | ) ) |

The undersigned states, subject to the penalties for perjury:

1. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential Documents and Information.

2. I have read, and I promise to abide by, the Protective Order with respect to Confidential Documents and Information furnished to me.

3. As a condition to receipt of documents marked "Confidential" in this litigation, I consent to personal jurisdiction over me in the United States District Court for the Southern District of Alabama, solely for the purpose of enforcing the Protective Order.

Signed: _____

Signed this _____ day of _____, 2019.

{04680885.1}                                                                **Exhibit 1**

_____

Print Name


_____

Address


_____

City, State, Zip

{04680885.1}                                    2