IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 18-0429-KD-MU |
| THE CITY OF MOBILE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On October 30, 2018, The City of Mobile ("the City"), one of the defendants herein, filed a Motion to Dismiss Counts IV and V of Plaintiff's Complaint. (Doc. 12). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. Plaintiff filed its brief in response to the City's motion to dismiss on November 14, 2018 (Doc. 22), and the City filed its reply brief on November 21, 2018 (Doc. 27). The Court conducted oral argument on the motion on January 22, 2019. Having reviewed and considered the relevant pleadings, the briefs, and the relevant law and having conducted oral argument on the motion, the undersigned Magistrate Judge **RECOMMENDS** that the City's motion to dismiss Counts IV and V of Plaintiff's complaint be **GRANTED** for the reasons set forth below.

### I. SUMMARY OF ALLEGATIONS

On October 4, 2018, Plaintiff WM Mobile Bay Environmental Center, Inc. filed its complaint against the City and the City of Mobile Solid Waste Disposal Authority ("SWDA"). (Doc. 1). The complaint alleges causes of action for breach of contract

(Count III), intentional interference with contractual relations (Count IV), failure to adequately fund the SWDA (Count V), and breach of settlement agreement (Count VI) against the City. (*Id.* at pp. 8-11). Count IV of the complaint alleges that the City intentionally interfered in Plaintiff's contract with the SWDA by directing various wastes to a facility other than the Chastang Landfill, thereby depriving Plaintiff of the profits that would be generated by the disposal of such wastes at the Chastang Landfill, while Count V alleges that the City has breached its duty to adequately fund the SWDA in violation of Alabama Code §§ 11-89A-2 and 11-89A-15(b). (*Id.* at pp. 8-9). The City has moved to dismiss Counts IV and V, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

The City has moved to dismiss Counts IV and V of the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that Plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above

2

the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). In addition to the foregoing, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.  CONCLUSIONS OF LAW

At the hearing conducted on January 22, 2019 and in its brief in response to the motion, Plaintiff conceded that Count IV is foreclosed by Alabama Code § 11-47-190 and should be dismissed. (Doc. 22 at p.2, n.1). Therefore, the Court need only consider whether Count V fails to state a claim against the City. In Count V, Plaintiff seeks damages for the City's alleged violation of portions of Alabama Code § 11-89A-1, *et seq.,* which Plaintiff claims require the City to fund the SWDA adequately. The City argues that this claim fails because Plaintiff cannot pursue a private cause of action for any alleged failure of the City to fund the SWDA adequately, and therefore,

Plaintiff's claim is not cognizable under Alabama law. (Doc. 12 at p. 3).

Alabama Code § 11-89A-1, *et seq.*, sets forth a statutory scheme for the creation of solid waste disposal authorities by counties and municipalities to provide for efficient solid waste collection and disposal services for citizens of Alabama and for efficient utilization of such waste. Plaintiff does not argue that § 11-89A-1, *et seq.*, expressly creates a private right of action for failure of a municipality to fund a solid waste authority adequately, but instead argues that a private right of action is implied. "Because Plaintiff's right of action is based on an Alabama statute, Alabama law will control whether Plaintiff has a private right of action." *Abbott v. Elwood Staffing Serv., Inc.,* Case No.: 1:12-CV-2244-VEH, 2013 WL 12138588, *2 (N.D. Ala. Feb. 28, 2013) (citing 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)). Under Alabama law, "for a court to find an implied private right of action, the plaintiff 'must show clear evidence of a legislative intent to impose civil liability for a violation of the statute.'" *Id*. (quoting *Blockbuster, Inc. v. White*, 819 So. 2d 43, 44 (Ala. 2001)).

In *Abbott*, the court dismissed the plaintiff's claim asserting a private cause of action for blacklisting under § 13A-11-123 of the Alabama Code on the ground that the plaintiff had not met the "clear evidence" standard. *Id.* The court based its decision on the following findings: 1) the plain language of the relevant code section did not mention civil liability; 2) because the relevant code section was a criminal statute, it was reasonable to conclude that the legislature's primary intent was to prohibit the practice, not to compensate victims; 3) in the ninety-two years since adoption of the statute, there were no reported cases under the statute; 4) the plaintiff did not identify any legislative history which suggested that the legislature intended to create a private

right of action; 5) the plaintiff relied on non-binding authority from other jurisdictions, not Alabama law; and 6) the court believed it to be imprudent to determine this issue of state law as it is not an arbiter of Alabama law and its decision would not be binding on Alabama courts. *Id.* at *2-3; *see also Fratelli Cosulich Unipessoal S.A. v. Specialty Fuels Bunkering, LLC*, Civ. A. No. 13-00545-KD-C, 2015 WL 4038979, *19-20 (S.D. Ala. July 2, 2015) (dismissing plaintiff's private right of action claim for violation of an Alabama state statute, finding that "[t]he language of the statute provide[d] no indication that the Legislature intended to create a private right of action" or "impose civil liability," that "the plaintiff ha[d] made no showing regarding the Legislature's intent," and that the "statute appeared to be designed for the protection of the public without any imposition of civil liability through a private right of action"). The *Abbott* court indicated that, if the plaintiff felt strongly about her claim, she could refile it in the appropriate state court so that an Alabama court could determine the question, which was one of state law. *Id.* at *3.

     Applying the *Abbott* analysis here, this Court notes that § 11-89A-1, e*t seq.,* does not mention civil liability, and Plaintiff has not identified any legislative history indicating that the Alabama legislature intended to create a private right of action under these statutes. In addition, the Court could not locate nor was it directed to any reported cases involving a private cause of action under these statutes in the almost forty years since the statutes were enacted. Moreover, the statute expressly states that it was enacted because the "collection, disposal, and utilization of solid waste is a matter of grave concern to **all citizens** and is an activity thoroughly affected with the **public interest.**…" Ala. Code § 11-89A-1 (1975) (emphasis added). Like the statute in

5

*Fratelli,* the statute here also appears "to be designed for the protection of the public without any imposition of civil liability through a private right of action" brought by a foreign entity, such as Plaintiff here. 2015 WL 4038979, at *19-20. Based on its review of the applicable Alabama statutes and Alabama law, this Court declines to adopt a private right of action for violation of §§ 11-89A-1, *et seq.,* when neither the statutes nor the legislative history indicate that such a private right of action exists and when no Alabama court has done so.

### IV.  <u>CONCLUSION</u>

For the reasons stated above, the Court finds that Counts IV and V of Plaintiff's complaint fail to state a claim upon which relief can be granted against the City. It is therefore **RECOMMENDED** that the City's motion to dismiss Counts IV and V (Doc. 12) be **GRANTED,** and that Counts IV and V of Plaintiff's Complaint be **DISMISSED, with prejudice.**

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **February, 2019**.

s/P. BRADLEY MURRAY<br>UNITED STATES MAGISTRATE JUDGE