IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 18-0429-KD-MU |
| THE CITY OF MOBILE, *et al.*, | ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

On October 30, 2018, Defendant The Solid Waste Disposal Authority of the City of Mobile, Alabama ("SWDA") filed a Motion to Dismiss Plaintiff's Complaint (Doc. 9). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. At the time it filed its motion, SWDA also filed a separate brief in support of its motion alleging that this Court lacks jurisdiction. (Doc. 10). Plaintiff filed its brief in response to SWDA's motion to dismiss on November 14, 2018 (Doc. 20), and SWDA filed its reply brief on November 21, 2018 (Doc. 24). The Court heard oral argument on the motion on January 22, 2019. Having reviewed and considered all relevant material, the undersigned Magistrate Judge **RECOMMENDS** that SWDA's motion to dismiss Plaintiff's complaint be **DENIED** for the reasons set forth below.

## **I. SUMMARY OF ALLEGATIONS**

On October 4, 2018, Plaintiff WM Mobile Bay Environmental Center, Inc. filed its complaint against the City of Mobile ("the City") and SWDA. (Doc. 1). The complaint alleges causes of action for breach of contract (Counts I and II) against SWDA. (*Id.* at

pp. 6-7). Count I of the complaint alleges that SWDA has failed to fulfill its contractual duty to reimburse Plaintiff for certain capital expenses and operational costs (*Id.* at pp. 6-7), while Count II alleges that SWDA has breached its contract with Plaintiff by failing to send all construction and demolition wastes, as well as other wastes, to the Chastang Landfill or Transfer Station (*Id.* at p. 7). SWDA argues that this Court lacks jurisdiction based upon the Eleventh Amendment because it is an independent instrumentality of the State of Alabama and, therefore, immune from suit. (Doc. 10 at p. 1). Plaintiff argues that SWDA's argument that it is an arm of the state was rejected by the Eleventh Circuit in *WM Mobile Bay Environmental Center, Inc. v. The City of Mobile Solid Waste Authority*, 672 F. App'x 931 (11th Cir. 2016). In addition, Plaintiff argues that application of the factors enumerated in *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) and its progeny also leads to the conclusion that SWDA is not an arm of the state and, therefore, not entitled to immunity.

## II. **<u>STANDARD OF REVIEW</u>**

The issue of whether a motion to dismiss based upon Eleventh Amendment immunity is properly brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) is unclear. *See Lambert v. Bd. of Tr. of the Univ. of Ala.*, Case No.: 2:18-cv-1112-JEO, 2019 WL 339178, at *7 (N.D. Ala. Jan. 28, 2109). While the Eleventh Amendment immunity defense "partakes of the nature of a jurisdictional bar," *Edelman v. Jordan,* 415 U.S. 651, 678 (1974), prompting many courts to apply the standard of review applicable to Rule 12(b)(1) dismissals, *see Boglin v. Bd. of Tr. of Ala. A&M Univ.*, 290 F. Supp. 3d 1257, 1261 (N.D. Ala. 2018) and *Harris v. Bd. of Tr. Univ. of Ala.*, 846 F. Supp. 2d 1223, 1231 (N.D. Ala. 2012), unlike claims that lack subject matter jurisdiction, federal

2

courts are not obligated to raise the Eleventh Amendment immunity issue *sua sponte* and the immunity can be waived by the State, *see Wisconsin DOC v. Schacht*, 524 U.S. 381, 389 (1998); therefore, some courts have applied the standard of review applicable to Rule 12(b)(6) challenges. *See Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.*, 208 F. 3d 1308, 1310 (11th Cir. 2000). This Court agrees with those who apply the Rule 12(b)(1) standard, especially in a case such as this where the defendant has raised a factual challenge to jurisdiction and both parties seem to agree that matters outside the pleadings should be considered.

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.* "In such an instance, the court may hear conflicting evidence and decide the factual issues bearing on jurisdiction." *Boglin*, 290 F. Supp. 3d at 1261.

### III. CONCLUSIONS OF LAW

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment does

3

not extend to immunize municipalities or counties within a state from suit. *See, e.g., Stanley v. Israel*, 843 F.3d 920, 924 (11th Cir. 2016) (holding that an officer is not entitled to Eleventh Amendment immunity "if he is acting as an arm of the county"); *Abusaid v. Hillsborough Cty. Bd. Of Cty. Comm'rs,* 405 F.3d 1298, 1301 (11th Cir. 2005) (holding that "the Eleventh Amendment does not immunize municipalities from suit"). Therefore, in this case, SWDA is only entitled to Eleventh Amendment protection if it was acting as an arm of the state of Alabama.

The Eleventh Circuit "uses a four-factor test to determine whether an entity is an arm of the state and thus entitled to sovereign immunity." *Freyre v. Chronister*, 910 F.3d 1371, 1380 (11th Cir. 2018). "These factors, articulated in *Manders v.Lee,* 338 F.3d 1304 (11th Cir. 2003) (en banc), are '(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds, and (4) who is responsible for judgments against the entity.'" *Id.* (quoting *Manders*, 338 F.3d at 1309). "Analysis under *Manders* is function specific; in addition to determining the defendant's general status under state law, [courts] also ask whether the defendant was acting as an arm of the state 'in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise.'" *Id.* (quoting *Manders*, 338 F.3d at 1308). In this case, SWDA is alleged to have breached its contractual obligation to reimburse Plaintiff for certain capital expenses and operational costs and its contractual obligation to send all construction and demolition wastes, as well as certain household wastes, commercial wastes, and yard clippings and trimmings to the Chastang Landfill or Transfer Station. (Doc. 1 at pp. 6-7). Thus, the question here is whether SWDA was acting as an arm of

4

the state of Alabama in fulfilling its contractual obligations to Plaintiff. *See Freyre*, 910 F. 3d at 1380 (defining the issue as whether the sheriff's office was "entitled to Eleventh Amendment immunity when performing child-protective investigations").

With regard to the first *Manders* factor, SWDA argues that the statutory language of § 11-89-2 (the legislation that provides for the establishment of water, sewer, solid waste disposal, and fire protection districts), which states that "[t]his chapter is intended to aid the state in the execution of its duties by providing appropriate and independent instrumentalities of the state with full and adequate powers to fulfill their functions," demonstrates that Alabama state law defines solid waste disposal authorities created by counties and/or municipalities in accordance with § 11-89A-1, *et seq.,* as "independent instrumentalities of the state." It further contends that this terminology leads to the conclusion that the legislature intended solid waste disposal authorities to be arms of the state of Alabama. To support this argument, SWDA asserts that § 11-89A-1, *et seq.,* is a subsection of § 11-89-1, *et seq.* Plaintiff, on the other hand, argues that these are two separate and independent chapters of the Alabama Code. While the Court tends to agree with Plaintiff on this issue, the Court finds that determination of this question of Alabama state law is not necessary here.

Section 11-89A-1, which is entitled "Legislative findings," states that "in order to provide for the collection and disposal of solid waste …, it is necessary and desirable to authorize the creation by *counties and municipalities* (or any two or more thereof) in the state of authorities which will have the power to issue and sell bonds and notes and using the proceeds of such bonds and notes to acquire and construct such facilities." (Emphasis added). Section 11-89A-2(2) defines an "Authority" as "[a]ny public

corporation organized pursuant to the provisions of this chapter."[1] Section 11-89A-3 provides that potential authorities are to file applications with a county or municipality and that the county or municipality will determine whether to deny or authorize incorporation of the authority. Nowhere in § 11-89A-1, *et seq.,* is an Authority referred to as an "independent instrumentality of the state" or an arm of the state. Even if the SWDA was referred to as an independent instrumentality of the state, such a reference does not equate to SWDA being an arm of the state. Section 11-88-2, which provides for the creation of water, sewer, and fire protection authorities, includes the identical language as that contained in § 11-89-2, stating that "this article is intended to aid the state in the execution of its duties by providing appropriate and *independent instrumentalities of the state* with full and adequate powers to fulfill their functions." (Emphasis added). In *West Morgan-East Lawrence Water and Sewer Authority v. 3M Company,* the Eleventh Circuit indicated that, for the determination of a jurisdictional issue, the term "independent instrumentality of the state" as applied to a water authority did not make it an arm of the state. 737 F. App'x 457, 460 n.2 (11th Cir. 2018) (citing *Limestone Cty. Water & Sewer Auth. v. City of Athens*, 896 So. 2d 531, 535-36 (Ala. Civ. App. 2004) (holding that "a public corporation is an 'instrumentality of the state' in the sense that it is created pursuant to the laws of the State and for the public benefit, but it is "independent' of the State and 'is not an agency of the state' because the State does not own or operate the corporation")).

Having reviewed the applicable statute and the relevant case law and considered

---

[1] The Court notes that § 11-89A-1, *et seq.,* is referred to as a "chapter," not a "subchapter," throughout.

the arguments of each party, the Court finds that the first factor, how state law defines the entity, weighs in favor of Plaintiff.

The second *Manders* factor requires the Court "to look at the degree of control the state exercises over the entity generally as well as with respect to the specific function at issue." *Freyre*, 910 F.3d at 1382-83. SWDA argues that because it is subject to regulatory control by the Alabama Department of Environmental Management ("ADEM"), because its property and income is exempt from state taxation, and because it is exempt from laws governing usury, the state exercises sufficient control to tilt the scale in its favor as to the second factor. The Court is not persuaded by the argument that because SWDA is required to comply with ADEM regulations, it is controlled by the state. All entities which dispose of solid waste, including private entities, are required to comply with regulations promulgated by ADEM with respect to managing disposal of solid waste. Nor does the fact that SWDA is exempt from taxes or laws governing usury support its argument that it is under state control. While the legislation allowing counties and municipalities to approve the creation of solid waste disposal authorities was promulgated by the state legislature and while the authorities may be subject to certain state regulations, there is no evidence that the state exercises a great degree of control over these entities generally and certainly not with regard to their contracts with other entities.

As noted above, Plaintiff has also pointed out that SWDA's argument that it is an arm of the state was rejected by the Eleventh Circuit in *WM Mobile Bay Environmental Center, Inc. v. The City of Mobile Solid Waste Authority*, 672 F. App'x 931 (11th Cir. 2016). In that case, the Court addressed whether SWDA was an arm of the state for

diversity jurisdiction purposes and, thus, applied a different standard than the one set forth in *Manders.* However, the Eleventh Circuit's analysis in that case is instructive on the second *Manders* factor. Specifically, the Eleventh Circuit found that "[g]iven the Authority's broad powers and *the lack of control over the Authority by the State of Alabama,* we conclude that the Authority is not an arm of the State of Alabama as a matter of law." *Id.* at 934. This factor, therefore, too weighs in favor of Plaintiff's assertion that SWDA is not an arm of the state.

SWDA does not strongly advance an argument in its favor on the third and fourth factors, the source of its funding and who pays any judgments rendered against it. Instead, it argues that the first and second factors should be accorded the most weight. However, that argument is not supported by Eleventh Circuit case law. Rather, in *Freyre,* the Court stated that the final factor, which is "whether the state treasury would be burdened by a judgment," is the *most important* of the *Manders* calculus." 910 F.3d at 1384. In this case, Plaintiff contends, and SWDA does not challenge the contention, that the state of Alabama is not responsible for judgments against SWDA; therefore, the state treasury would not be burdened by a judgment. (Doc. 20 at p. 8). In addition, there is no evidence that the state of Alabama is the source of SWDA's funding.

The Court's analysis of all four of the *Manders* factors leads to the conclusion that SWDA is not an arm of the state of Alabama and is, therefore, not entitled to Eleventh Amendment immunity.

## IV. CONCLUSION

For the reasons stated above, the Court finds that SWDA is not an arm of the state of Alabama and is, therefore, not entitled to Eleventh Amendment immunity. It is therefore **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's complaint (Doc. 9) be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **7th** day of **February, 2019**.

                                      s/P. BRADLEY MURRAY
                                      UNITED STATES MAGISTRATE JUDGE