# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 18-00429-KD-MU |
| THE CITY OF MOBILE and THE CITY OF MOBILE SOLID WASTE DISPOSAL AUTHORITY, ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Motion for Leave to File Amended Complaint by Plaintiff WM Mobile Bay Environmental Center, Inc. (WM Mobile) and the objection filed by Defendant The City of Mobile Solid Waste Disposal Authority (the Authority) (docs. 54, 59). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED.** Accordingly, **WM Mobile shall file its amended complaint on or before June 14, 2019 and Defendants shall file their responsive pleading on or before June 21, 2019.**

In this breach of contract action, WM Mobile moves to amend to allege facts relating to a breach that occurred after the complaint was filed and to seek additional damages related to this breach. Review of the proposed amended complaint shows that WM Mobile seeks damages for capital expenses and operational costs on grounds that Defendants refused to reimburse WM Mobile for invoices submitted in April 2019.

The Authority objects to the amendment on grounds that damages for capital expenses are not recoverable under the relevant provision of the contract at issue. The Authority also asserts that the capital expenses that form part of the basis of WM Mobile's claims were incurred

by Waste Away Group, Inc., an Alabama citizen, and that those damages should be pursued in a separate action between the proper parties.

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings[1]. At this stage of the litigation, and absent the Defendants' written consent, WM Mobile may amend its pleadings only with leave of the court. See Fed R. Civ P. 15(a)(2). The Rule instructs the district court that it "should freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The motion was timely filed April 15, 2019, because the deadline for amendment of pleadings was April 30, 2019 (doc. 44). Also, discovery does not end until December 4, 2019 (Id.) Thus, the parties have sufficient time to conduct discovery regarding the additional claims

---

[1] "Rule 15(d) of the Federal Rules of Civil Procedure applies to supplemental pleadings and sets forth in relevant part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

such that there does not appear to be any undue prejudice to the Authority or the City of Mobile. WM Mobile points out that the parties are exchanging written discovery. The docket indicates that the Authority served written discovery on March 15, 2019 (doc. 53), that WM Mobile served written discovery on April 14, 2019 (doc. 52), and that the City of Mobile served written discovery on April 22, 2019 (doc. 58). The docket does not indicate that WM Mobile has engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. The Authority did not argue that allowing the amendment would be futile.

Since the Court has not ascertained any substantial reason to deny the motion, the interests of justice indicate that it should be granted. See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 182 Fed. Appx. 921, 924–925 (11th Cir. 2006) ("We have accepted a policy of liberal amendments and supplements to the pleadings under Rule 15."); U.S. for Use and Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co. 831 F.2d 978, 983 (11th Cir. 1987) (citations omitted) (explaining that the Eleventh Circuit has "accepted a policy of liberal amendment."); Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment"); Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

DONE this 6th day of June 2019.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE