IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 18-00429-KD-MU ) |
| THE CITY OF MOBILE and THE CITY OF MOBILE SOLID WASTE DISPOSAL AUTHORITY, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Defendant City of Mobile Solid Waste Disposal Authority's Motion for Leave to File Motion for Partial Summary Judgment (doc. 182) and the response in opposition filed by Plaintiff WM Mobile Bay Environmental Center, Inc. (doc. 186).

Rule 56(b) of the Federal Rules of Civil Procedure states that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In this action, the Court ordered otherwise. In its Amended Rule 16(b) Scheduling Order, the Court set January 10, 2020, as the deadline for filing dispositive motions. (Doc. 97). At this point, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

With respect to good cause, the Eleventh Circuit has long held that the good cause standard "precludes modification [of the scheduling order's deadlines] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). The Eleventh Circuit also explained that if a "party was not diligent, the [good cause] inquiry

should end." Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992) (bracketed text in original).

The Court finds that the Authority has failed to show good cause to amend the Rule 16(b) Scheduling Order. The Authority was not diligent. It has not explained why this argument was not raised or could not have been raised at the proper time. The evidence before the Court shows that the Authority knew the terms of the 1992 Comprehensive Solid Waste Management Plan and the terms of the 1993 Operating Agreement during the first breach of contract action in 2013 and during this second breach of contract action. The State of Alabama case upon which the Authority relies was decided in 2002. Now, the Authority seeks leave to file a motion for partial summary judgment on basis that "any attempt to dispose of waste inconsistent with the Solid Waste Plan", i.e., dispose of yard waste and construction and demolition waste at the Chastang Landfill instead of the Bates Field Landfill, "is void in that it is contrary to State Law", and therefore, the "1993 Operating Agreement to dispose of yard waste at facilities other than Bates is void." (Doc. 182, p. 4-5). The Authority also points out that the state court recently granted summary judgment in favor of the City of Mobile based upon a similar argument.[1]

However, the fact that the state court recently ruled on a similar argument, does not demonstrate that, despite the Authority's diligence, it could not have met the Court's deadline.

---

[1] The Authority sued the City of Mobile for specific performance of delivery of yard waste and construction and demolition waste based upon their 1994 Agreement. "The City of Mobile moved for summary judgment contending that municipal solid waste did not include yard waste, and even if it did, any attempt to dispose of yard waste at facilities other than Bates Field was a violation of the City's Solid Waste Comprehensive Management Plan." (Doc. 182, p. 5). The state court agreed and entered summary judgment against the Authority, finding that the 1994 Agreement constituted such an attempt. The state court held that the Authority "is not now, nor has it ever been, entitled to disposal of the yard and C&D waste at Chastang under the terms of the 1994 Agreement." (Doc. 182-3, p. 3).

With diligence, the Authority could have ascertained this argument within the Rule 16(b) Schedule for this litigation. Therefore, the motion is DENIED.

**DONE** and **ORDERED** this the 31st day of March 2020.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
CHIEF UNITED STATES DISTRICT JUDGE