IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WM MOBILE BAY** | ) |
| **ENVIRONMENTAL CENTER, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 18-00429-KD-MU |
| | ) |
| **THE CITY OF MOBILE SOLID WASTE** | ) |
| **DISPOSAL AUTHORITY,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

This action is before the Court on the motion for judgment as a matter of law pursuant to Fed. R Civ. P. 50(a) made at trial by the City of Mobile Solid Waste Disposal Authority (doc. 247). Upon consideration, and for the reasons on the record and herein, the Motion is DENIED.

I. Motion for Judgment as a Matter of Law

Rule 50(a) of the Federal Rules of Civil Procedure sets forth as follows:

(a) Judgment as a Matter of Law.

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

II. Analysis

The Authority moves for directed verdict as a matter of law on the grounds, inter alia,[1] that the 1993 operating agreement is void relating to any provisions that direct yard waste and C&D waste to Chastang Landfill because these provisions violate Alabama law.

Under Alabama law, "every contract 'adverse to the enactments of the legislature, is illegal and void.'" Perdue v. Green, 127 So. 3d 343, 358 (Ala. 2012), on reh'g (July 11, 2012) (quoting Carrington v. Caller, 2 Stew. 175, 192 (Ala. 1829)). "As noted in Carrington, this rule is premised on the universal principle that '[c]ourts of justice will not open their forums to enforce contracts which are illegal, immoral, prohibited or contrary to public policy. For to do this would be to sanction by law, what the law itself forbids.'" Id. Under Alabama law, "[b]ecause an illegal contract is void ab initio and will not support a cause of action or a judgment, a party can raise illegality of a contract at any time." Jackson v. Brewer, 257 So. 3d 310, 313 (Ala. Civ. App. 2017); Limestone Creek Developers, LLC v. Trapp, 107 So. 3d 189, 194 (Ala. 2012) ("the judicial system may not be used to enforce illegal contracts . . . [and] contracts found to violate the law will not be enforced even if … the defaulting party failed to properly plead the affirmative defense of illegality.").

The Authority argues that sections 1.32 and 5.2 of the 1993 operating agreement, interpreted to require disposal of all municipal solid waste at the Chastang Landfill, are adverse to a legislative enactment, specifically Ala. Code §§ 22-27-47 and 22-27-48(a), in the Solid Wastes and Recyclable Materials Management Act, and therefore, these sections are illegal and void as a matter of law. The Authority posits that under the relevant statute, Ala. Code § 22-27-48(a),[2] a governing body has

---

[1] The Authority's other grounds were denied for reasons on the record.

[2] "In addition to any regulatory bodies, the governing body of a county or municipality has a responsibility for and the authority to assure the proper management of solid wastes generated within its jurisdiction in accord with its solid waste management plan. A governing body may

2

the responsibility to manage its solid wastes and may approve or disapprove disposal sites "in accord" with the solid waste management plan approved for its jurisdiction. In this case, the 1992 Plan approved by the Alabama Department of Environmental Management for the City of Mobile's jurisdiction.[3]

The Authority points out that the 1992 Plan indicated that yard waste and construction and demolition waste were <u>currently</u> disposed at Bates Field Landfill. From this, the Authority argues that the 1993 operating agreement provisions requiring disposal of all municipal solid waste at the Chastang Landfill are not "in accord" with the 1992 Plan, and therefore, in violation of Ala. Code § 22-27-48(a), and illegal and void as a matter of law. The Authority relies upon the decision in <u>Alabama Disposal Solutions – Landfill, Inc. v. Town of Lowndesboro</u>, 837 So. 2d 292, 302 (Ala. Civ. App. 2002),[4] wherein the Alabama Court of Civil Appeals held that an ordinance was inconsistent with Ala. Code. § 22-27-47 and therefore, illegal and void as inconsistent with state law.

---

assign territories and approve or disapprove disposal sites in its jurisdiction in accord with the plan approved for its jurisdiction. Such approval or disapproval of services or activities described in the local plan shall be in addition to any other approvals required from other regulatory authorities and shall be made prior to any other approvals necessary for the provision of such services, the development of a proposed facility or the modification of permits for existing facilities." Ala. Code § 22-27-48(a).

[3] Ala. Code § 22-27-47 requires each county or municipality to submit a plan to the Alabama Department of Environmental Management for approval. The statute sets out the minimum contents for the plan including a description of the "facilities where solid waste is currently being disposed or processed" and "explain the extent to which existing facilities will be used during the life of the plan". Ala. Code § 22-27-47(b)(3).

[4] The court explained that "Sections 22-27-47 and 22-27-48 require that local solid-waste management decisions must be made in accordance with a local solid-waste management plan, and that any local ordinances that do not include a local solid-waste-management plan are void as inconsistent with State law. Under Article 3, local municipalities are not given carte blanche authority to manage solid-waste decisions, but must follow the statutory procedures set out in §§ 22-27-47 and 22-27-48." 837 So. 2d at 302.

The Court disagrees. The 1992 Plan is not inconsistent with the 1993 operating agreement nor violative of State law.

The Court acknowledges that the 1992 Plan indicated that Bates Field Landfill was the <u>current</u> disposal site for municipal yard wastes and construction and demolition waste. However, the 1992 Plan did not designate Bates Field Landfill for future disposal of this waste. To the contrary, the 1992 Plan indicated that Bates Field Landfill would likely be closed in the future due to the expansion of the runway at the municipal airport.

In the section captioned "Current Solid Waste Disposal Facilities", the 1992 Plan stated that the Bates Field Landfill is

> located adjacent to the Bates Field Municipal Airport[.] … In approximately three (3) years, the airport will be expanding with a new runway to the west of the current landfill site. This would place the landfill between two (2) runways. As a result, it it anticipated that the Bates Field Landfill will probably be relocated.

(Doc. 118-10, p. 20).

In the section captioned "Planned Expansions of Solid Waste Management Systems", the 1992 Plan stated as follows:

> The Ten-Year Solid Waste Management Plan for the City will span a period of time during which many new methods for dealing with solid waste will be developed. The Plan for the City will evolve along with the technology of solid waste collection, recycling, source reduction, and disposal. The anticipated changes that deal with expansion of existing and planned systems are presented in this section.

(Doc. 118-10, p. 32).

With respect to the Chastang Landfill, this section stated that the City had applied for a "major permit modification" which "will provide for a lateral expansion within the current permitted landfill site, and will provide additional landfill capacity" (Doc. 118-10, p. 33). With respect to the Bates Field Landfill,

> [p]lans for a runway extension for the airport will cause the present inert landfill site [Bates Field] to be modified or moved. The City owns a great deal of property

4

adjacent to the currently-permitted area of the landfill; therefore, an adjacent site is expected to be permitted.

(Doc. 118-10, p. 33).

Thus, at the time of the 1992 Plan, ADEM would have been made aware that the City of Mobile planned to relocate the Bates Field Landfill in the future, either to an adjacent area or elsewhere, and that the City of Mobile planned to increase the capacity at the Chastang Landfill. The 1992 Plan was approved by ADEM with that knowledge. Since closure of the Bates Field landfill would require disposal of this waste at a different landfill and closure was anticipated in the 1992 Plan, disposing of this waste at Chastang Landfill, a site already approved by ADEM, is not inconsistent with the 1992 Plan.

Moreover, Ala. Code § 22-27-47(i) sets forth two circumstances which require an amendment to the Plan. Specifically,

> (i) Each county and municipality with an approved solid waste management plan shall submit a revised plan to the department in accordance with the requirements of this article:
>
> (1) At least three years prior to the time all remaining available permitted capacity for the jurisdiction will be exhausted, or
> (2) When otherwise required by the department. [Alabama Department of Environmental Management].

Ala. Code § 22-27-47(i) (bracketed text added). No facts have been presented supporting that either of these circumstances required amendment of the 1992 Plan.

IV. Conclusion

For the reasons set forth herein, the motion for judgment as a matter of law is DENIED.

**DONE** and **ORDERED** this 17th day of June 2020.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

5