IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14749
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00429-KD-MU

WM MOBILE BAY ENVIRONMENTAL CENTER, INC.,

        Plaintiff - Appellee - Cross Appellant,

versus

THE CITY OF MOBILE,

        Defendant,

THE CITY OF MOBILE SOLID WASTE DISPOSAL AUTHORITY,

        Defendant - Appellant - Cross Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 29, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant the City of Mobile Solid Waste Disposal Authority (the Authority) appeals following a jury award of damages in favor of Appellee WM Mobile Bay Environmental Center, Inc. (WM Mobile). The district court granted WM Mobile's motion for summary judgment finding that the Authority was liable for breach of contract but sent the issue of damages to the jury. The Authority raises several issues on appeal, including challenges to liability, damages, and subject-matter jurisdiction. WM Mobile cross-appeals the district court's finding that WM Mobile did not have a third-party beneficiary claim against the City of Mobile (the City). Because we cannot determine if the district court had subject-matter jurisdiction, we remand for the limited purposes of determining the citizenship of the parties.

I.

In 1993, the Authority and WM Mobile's predecessor, Transamerican Waste Industries, Inc. (TWI), entered a contract where TWI would operate and manage the Authority's Chastang Landfill. The landfill was originally owned by the City, but the City transferred all its rights in the landfill to the Authority. WM Mobile sued the Authority for breach of contract, claiming that WM Mobile was entitled to certain reimbursements of expenses and lost profits. In its complaint, WM Mobile alleged that it is incorporated in Delaware with its principal place of business in Madison, Mississippi. The complaint also alleged that the Authority is

2

incorporated in Alabama and has its principal place of business in Mobile, Alabama. Therefore, WM Mobile alleged that the district court had jurisdiction under 28 U.S.C. 1332 because the parties were completely diverse.

In its answer, the City denied the allegation in WM Mobile's complaint that WM Mobile's principal place of business was in Madison, Mississippi. The Authority also contested jurisdiction in a joint pre-trial document. The Authority argued that the nerve center of WM Mobile was not in Mississippi but rather at the Chastang Landfill in Alabama.

WM Mobile submitted its Certificate of Incorporation in Delaware as well as a response to an interrogatory stating that its principal office is in Madison, Mississippi. Other than those documents and WM Mobile's allegations, there was no evidence submitted that established WM Mobile's principal place of business. The district court did not make any factual findings regarding WM Mobile's principal place of business.

## II.

We may consider arguments regarding subject-matter jurisdiction at any time during litigation and parties cannot waive those claims. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th. Cir. 1999). An objection to subject-matter jurisdiction "may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v.*

*Thaler*, 565 U.S. 134, 141 (2012).  Furthermore, "federal court[s] [are] obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Subject matter jurisdiction exists for diversity purposes when the amount in controversy exceeds $75,000 and the parties are citizens of different States.  28 U.S.C. § 1332 (a)(1).  The statute has been held to require complete diversity of citizenship, meaning that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  "[D]iversity jurisdiction is determined at the time of filing the complaint." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

     Furthermore, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  The Supreme Court concluded that a corporation's principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  It is normally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93.

In *Hertz*, the Court also specifically noted that the "mere filing of a form . . . listing a corporation's 'principal executive offices' [is], without more," insufficient to establish a corporation's principal place of business because it "would readily permit jurisdictional manipulation, thereby subverting a major reason for the insertion of the 'principal place of business' language in the diversity statute." *Id.* at 97.

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Id.* at 96. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 96–97. The party asserting jurisdiction also "must carry throughout the litigation the burden of showing that he is properly in court." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

### III.

Here, we are unable to determine if subject-matter jurisdiction exists. Although WM Mobile alleged that its principal place of business is in Mississippi, it appears that the Authority has challenged this fact throughout the proceedings below. The only evidence submitted by WM Mobile in addition to its allegations was a sworn response to an interrogatory that stated that its "principal office" is located in Madison, Mississippi. However, as noted by the Court in *Hertz*, the

mere listing of a corporation's principal office on a form, without more, is insufficient to establish a corporation's principal place of business. 559 U.S. at 97.

In addition, WM Mobile's argument in its brief that the Authority failed to present contrary evidence that WM Mobile's principal place of business is in Mississippi is misplaced. The party asserting jurisdiction, WM Mobile, has the burden of establishing jurisdiction and must do so with competent proof when jurisdiction is challenged. *McNutt*, 298 U.S. at 189. Therefore, it was WM Mobile's burden to prove that its principal place of business is in Mississippi, not the Authority's.

The district court did not make any factual finding about WM Mobile's principal place of business. WM Mobile argues that the district court implicitly found that WM Mobile's principal place of business was in Mississippi when it ruled that the parties were diverse. However, that was in the context of a motion for summary judgment, where the Authority argued that WM Mobile was not the real party in interest to the 1993 contract at issue in this case. There was no explicit finding that the parties were diverse because WM Mobile's principal place of business was in Mississippi.

Also, the fact that we previously found that the parties were diverse is not dispositive of subject-matter jurisdiction in the present suit. *See WM Mobile Bay Env't Ctr., Inc. v. City of Mobile Solid Waste Auth.*, 672 F. App'x. 931, 933–34

(11th Cir. 2016) (per curiam). In the prior litigation between the parties, the Authority admitted in its answer to the complaint that WM Mobile's principal place of business was Madison, Mississippi. Therefore, we held the Authority to that factual admission and found the parties to be diverse. However, there was no such admission in this case. The citizenship of WM Mobile was contested by the Authority based on the answer to the complaint and the joint pre-trial document. Furthermore, we determine diversity jurisdiction as of the filing of the complaint. *PTA-FLA, Inc.*, 844 F.3d at 1306. Therefore, a finding of diversity in a prior lawsuit does not free the district court from finding diversity in the present suit.

In sum, we cannot conclusively decide if the district court had subject-matter jurisdiction over this proceeding. There was no factual finding of diversity in the court below and there is insufficient evidence in the record for us to decide the issue on appeal. Accordingly, we remand this case to the district court for the limited purposes of developing the record and making findings of fact with regard to the citizenship of the parties. If WM Mobile carries its burden in establishing that its principal place of business is in Mississippi, we retain jurisdiction to consider the remaining issues on appeal. Conversely, if WM Mobile does not carry its burden, there is no federal jurisdiction, and the district court should dismiss this case.

LIMITED REMAND.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 29, 2021

Clerk - Southern District of Alabama
U.S. District Court
155 ST JOSEPH ST
STE 123
MOBILE, AL 36602

Appeal Number: 20-14749-HH
Case Style: WM Mobile Bay Environmental v. The City of Mobile Solid Waste
District Court Docket No: 1:18-cv-00429-KD-MU

LIMITED REMAND

Enclosed is a copy of an order remanding the referenced appeal for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This case will be held in abeyance and monitored in the Eleventh Circuit pending disposition of remand proceedings in your court.

Upon completion of remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Christopher Bergquist, HH/bwh
Phone #: 404-335-6169

CLK-3 DC Letter with Ltd Remand order